**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 22, 2017

Tammy Elaine Dolinger
3915 Grier Nursery Road
Street, MD 21154

Stacey Winakur Harris
Social Security Administration
6401 Security Boulevard Room 617
Baltimore, MD 21235

      RE:    *Tammy Elaine Dolinger v. Commissioner, Social Security Administration*;
             Civil No. SAG-16-219

Dear Ms. Dolinger and Counsel:

      On January 22, 2016, Plaintiff Tammy Elaine Dolinger petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the Commissioner's Motion for Summary Judgment. (ECF No. 24). Ms. Dolinger, who appears *pro se*, has not filed a response.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons set forth below, I will deny the Commissioner's motion, reverse the decision of the Commissioner in part, and remand the case pursuant to sentence four of 42 U.S.C. § 405(g).

      Ms. Dolinger filed a claim for Supplemental Security Income ("SSI") on November 8, 2012. (Tr. 153-58). She initially alleged a disability onset date of September 3, 2008.[2] *Id.* Her claim was denied initially and on reconsideration. (Tr. 98-101, 105-08). A hearing, at which Ms. Dolinger was represented by counsel, was held on August 19, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 34-64). Following the hearing, the ALJ determined that Ms. Dolinger was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-33). The Appeals Council ("AC") denied Ms. Dolinger's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

---

[1] Ms. Dolinger did not file a Motion for Summary Judgment. After the Commissioner filed her Motion for Summary Judgment on March 2, 2017, a Rule 12/56 letter was mailed to Ms. Dolinger, advising her of the potential consequences of failure to oppose the Commissioner's motion. (ECF No. 25). Ms. Dolinger has not filed anything in response.

[2] It appears that, at her hearing, Ms. Dolinger amended her onset date to October 15, 2011. (Tr. 37).

*Tammy Elaine Dolinger v. Commissioner, Social Security Administration*
Civil No. SAG-16-219
March 22, 2017
Page 2

The ALJ found that Ms. Dolinger suffered from the severe impairments of "affective disorders (bipolar and depression), anxiety disorder, post-traumatic stress disorder." (Tr. 20). Despite these impairments, the ALJ determined that Ms. Dolinger retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to work that is simple and routine. She can perform work that does not require her to maintain attention and concentration for extended periods or for more than 90 percent of an 8-hour day.

(Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Dolinger could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 28-29).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, the ALJ did not provide substantial evidence to support her conclusions regarding Ms. Dolinger's mental impairments, and remand is warranted.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Dolinger's favor at step one, and determined that she has not engaged in substantial gainful activity since her alleged onset date. (Tr. 20); *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Ms. Dolinger claimed prevented her from working. *See* 20 C.F.R. § 416.920(a)(4)(ii). After finding at least one of Ms. Dolinger's impairments severe, (Tr. 20), the ALJ continued with the sequential evaluation and considered, in assessing Ms. Dolinger's RFC, the extent to which her impairments limited her ability to work.

At step three, the ALJ determined that Ms. Dolinger's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 27-29). The ALJ considered the specific requirements of Listing 12.04, which pertains to affective disorders, and Listing 12.06, which pertains to anxiety disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06. In considering Listing 12.04, the ALJ applied the special technique for evaluation of mental impairments, and determined that Ms. Dolinger had "mild restriction" in activities of daily living and social functioning, "moderate difficulties" in concentration, persistence or pace, and no episodes of decompensation. (Tr. 21-22). I have carefully reviewed the record, and I agree that no listings are met.

In considering Ms. Dolinger's RFC, the ALJ summarized her subjective complaints, including her "bipolar depression and anxiety" diagnoses, "her limitations in focusing and

*Tammy Elaine Dolinger v. Commissioner, Social Security Administration*
Civil No. SAG-16-219
March 22, 2017
Page 3

remembering," her "difficulty in crowds," and her "symptoms including nervousness, anhedonia, racing thoughts, suicidal ideation, decreased energy, sleep disturbances, and panic attacks."[3] (Tr. 24). However, the ALJ determined that Ms. Dolinger's subjective complaints were not entirely credible, and cited objective medical evidence contradicting Ms. Dolinger's alleged limitations. The ALJ noted that Ms. Dolinger is able to "handle her finances," "do her own laundry and dishes, prepare simple meals, drive a car, and take care of her personal needs." *Id*. In addition, the ALJ noted that although Ms. Dolinger "alleges that her mental impairment diminishes her daily activities, her social functioning and her ability to focus and concentrate…her written statements, as well as those of her mother, and her testimony about her activities of daily living and capabilities contradict her claim that she cannot work." (Tr. 26). Moreover, the ALJ found that "[Ms. Dolinger's] allegations [were] not supported by the objective medical evidence." (Tr. 25). In particular, the ALJ noted that the records "do not support the severity [Ms. Dolinger] alleges," and "indicate relatively normal functioning despite her symptoms." *Id*. Accordingly, the ALJ determined that "[t]he existing evidence suggests that [Ms. Dolinger's] mental impairments are mild to moderate and her functioning is more substantial than she claims." (Tr. 26)*.*

Continuing at step four, the ALJ found that Ms. Dolinger had no past relevant work. (Tr. 28). Accordingly, the ALJ proceeded to step five, where she considered the impact of Ms. Dolinger's age and level of education on her ability to adjust to new work. *Id*. At step five, the ALJ posed hypotheticals to the VE to determine whether a person with each set of hypothetical criteria would be able to find work. (Tr. 57–58). Ultimately, the ALJ determined that Ms. Dolinger's RFC matched one of the hypotheticals posed. (Tr. 28-29). The VE cited several jobs, including "janitor," "stock clerk," "packer," "inspector," assembler," and "addresser," in response to that hypothetical, and the ALJ relied on that VE testimony in her opinion. (Tr. 28-29, 57-58).

The function of this Court is not to review Ms. Dolinger's claim *de novo* or to reweigh the evidence of record. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g) and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this Court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990); *see also* 42 U.S.C. § 405(g). I am unable to recommend that finding here.

In this case, the ALJ failed to support her RFC determination with substantial evidence. *Id*. Social Security regulations require an ALJ to include "a narrative discussion of [the] claimant's symptoms and medical source opinions." *Thomas v. Comm'r, Soc. Sec.*, 2011 WL 6130605, at *4 (D. Md. Dec. 7, 2011). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), as amended (Dec. 13, 2000). Here, the ALJ failed to provide "an accurate and logical bridge"

---

[3] The ALJ also summarized two supporting statements provided by Ms. Dolinger's mother, who largely corroborated Ms. Dolinger's testimony. (Tr. 24).

*Tammy Elaine Dolinger v. Commissioner, Social Security Administration*
Civil No. SAG-16-219
March 22, 2017
Page 4

between Ms. Dolinger's limitations and the RFC determination. Most significantly, in formulating the RFC assessment, the ALJ noted that Ms. Dolinger could not maintain attention and concentration 90% of the time, suggesting she would be off task at least 10% of the time. (Tr. 23). The ALJ, however, failed to explain the basis for her conclusion. Notably, the ALJ found that Ms. Dolinger had "moderate difficulties" in concentration, persistence, or pace. (Tr. 22). The ALJ also noted that Ms. Dolinger "can count change, write checks, pay bills, drive a car, and shop in stores," and cited Dr. Merryman's determination that she "can follow simple instructions, adjust to change in the work setting, and can handle medium to low stress work environments." *Id*. However, the ALJ also noted Ms. Dolinger's testimony that "she has difficulty concentrating and is forgetful," and cited the State agency's determination that Ms. Dolinger had "moderate limitations" in her ability to maintain attention and concentration. *Id*. Regardless, the ALJ failed to explain how these findings translate into a determination that Ms. Dolinger would be off task at least 10% of the time. An explanation of how that percentage was calculated is significant, since a one percent increase could preclude competitive employment. *See Schlossnagle v. Colvin*, No. TMD 15-935, 2016 WL 4077672, at *4 (D. Md. Aug. 1, 2016) (stating that "being off task more than 10% of the time during an eight-hour workday would preclude all competitive employment."). Accordingly, without further explanation, I am unable to ascertain how the ALJ assessed Ms. Dolinger's difficulties in staying on task, and how those difficulties impacted the RFC assessment. In light of this inadequacy, I must remand the case to the Commissioner for further analysis. On remand, the ALJ should consider the impact of Ms. Dolinger's limitations on the RFC determination, and explain the reasons for that finding, citing substantial evidence.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 24) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                Sincerely yours,

                /s/

                Stephanie A. Gallagher
                United States Magistrate Judge